## TRADERS & GENERAL INS. CO. v. WILKINS.

No. 10256.

Court of Civil Appeals of Texas. San Antonio.

March 30, 1938.

Rehearing Denied May 4, 1938.

Eskridge & Groce, of San Antonio, and Lightfoot, Robertson & Gano, of Fort Worth, for appellant.

Jones & Kirkham and John J. Pichinson, all of Corpus Christi, for appellee.

MURRAY, Justice.

This is a workmen's compensation case in which James W. Wilkins was the alleged injured employee, the Ruthada Oil Com-

pany, the employer, and the Traders & General Insurance Company, the workmen's compensation insurance carrier. The trial was to a jury who found that Wilkins sustained a personal injury as the result of an alleged accident; that the injury was sustained in the course of his employment; that the injury was the result of an accident; that as a result of the injury Wilkins sustained total and permanent incapacity for work; that Wilkins had worked in the same or similar employment in which he was working at the time of his alleged injury substantially a year immediately preceding the alleged injury; that his average weekly wage during such period was $23.07; that there were other employees of the same class as Wilkins working substantially a year preceding the injury, in the same or similar employment as Wilkins in the same or neighboring places, and the average weekly wage of such employees was $23.07; that manifest hardship and injustice would result if a lump sum settlement was not made. Upon such verdict the trial court entered its judgment for Wilkins against the insurance company in the sum of $4,740.78, with interest at the rate of 6 per cent. From this judgment the insurance company has prosecuted this appeal.

■ Appellant's first proposition is that the verdict of the jury is so contrary to the great preponderance of the evidence as to be manifestly unjust. We overrule this contention. The evidence is sufficient to show that James W. Wilkins was working on what is commonly known as a Starr Rig, cleaning an oil well, and was standing either on the drum or the shaft straightening the cable when the clutch was thown in gear causing the drum and the shaft to rotate in opposite directions, and causing Wilkins to slip and fall and pass between the drum and the shaft, and a part of his body passing through a space only 4⅜ inches wide. When the drum and the shaft were in motion they work very much the same as an ordinary clothes wringer. Witnesses further testified that after Wilkins had passed through this wringing device and dropped some 6 feet to the ground the back of his shirt was all greasy and there was a greasy strip about the width of the divider on the drum, starting near his left hip and extending diagonally across the front of his shirt to near the point of his right shoulder; and, further, that on examination the grease appeared to be wiped off the shaft and off the divider on the drum, thus showing almost conclusively that his body, beginning at his left hip and extending to the point of his right shoulder, had passed through this wringing device between the shaft and the divider on the drum. There was both lay testimony and the testimony of doctors showing that as a result of this injury Wilkins had suffered total and permanent disability to perform labor. In the light of this testimony we cannot agree that the verdict of the jury was contrary to the preponderance of the evidence.

■ Appellant next complains at the action of the court in overruling its motion to strike out the testimony of Virgil Wilkins, a brother of James W. Wilkins, who testified that his brother fell between the shaft and the divider of the drum, because on cross-examination he testified that he was in such position that he could not actually see James Wilkins go between the shaft and the drum. We overrule this contention. Virgil Wilkins testified that he saw his brother start to fall and saw him drop from the wringing device to the ground. He admitted that he could not see his brother while he was presumably in the wringing device, however, he further testified to seeing the grease stripes on his brother immediately after he had dropped to the ground. It occurs to us that Virgil Wilkins' statement that he saw his brother fall between the shaft and the divider is nothing more than a shorthand rendering of all the facts which he had testified to concerning this matter, and even if there was a contradiction between his testimony on direct examination and cross-examination, it would only go to the weight of the testimony and not to its admissibility. Furthermore, the fact that James W. Wilkins fell between the shaft and the divider was amply established by the testimony of three other witnesses, and if there was any error in refusing to strike the testimony of Virgil Wilkins it became harmless error under the circumstances.

■ Appellant also contends that the evidence was insufficient to support the finding of the jury that James W. Wilkins' average weekly wage was $23.07. We overrule this contention. The evidence is amply sufficient to justify this finding, either under first subdivision 1 or 2, section 1, article 8309, Revised Civil Statutes 1925.

The judgment is affirmed.